

U.S. Department of Justice

United States Attorney
*Eastern District of New York*

PTH:GN
F. #2020V00762

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 13, 2020

<u>By E-Mail and ECF</u>

The Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Daniel E. Carpenter v. Kathleen Hawk Sawyer
     <u>Civil Docket No. 20-810 (WFK) (LB)</u>

Dear Judge Kuntz:

  The government respectfully submits this letter in response to the defendant Daniel Carpenter's motion requesting that he be immediately released to home confinement pursuant to the First Step Act ("Act"). (<u>See</u> ECF No. 1 ("Def.'s Mem").). For the reasons set forth below, the government respectfully requests that the Court transfer the defendant's motion to the United States District Court, District of Connecticut, to be filed in his underlying criminal case docket, <u>United States v. Carpenter</u>, 3:13-CR-00226 (RNC). Although the defendant's motion is docketed here as a petition for habeas relief, his motion is in fact a request for compassionate relief and should be decided by the original sentencing court in the District of Connecticut.

  I. <u>Background</u>

    A. <u>Prior Compassionate Release Motions Filed by the Defendant in the District of Connecticut</u>

  By way of background, on or about December 12, 2013, a grand jury in Hartford, Connecticut returned a 33-count indictment charging the defendant with mail fraud, wire fraud, and conspiracy to commit mail and wire fraud for operating a scheme to defraud life insurance providers. (<u>See</u> <u>Carpenter</u>, ECF No. 510, at 2 (Govt.'s Mem. in Opp'n

to Def.'s Mots. for Sentence Reduction or Home Confinement.)[1]  On or about May 14, 2014, the grand jury in Connecticut returned a 57-count superseding indictment adding charges of money laundering conspiracy, illegal monetary transactions and money laundering, related to the defendant spending over $30 million in fraudulent scheme proceeds.  (Id.)  The Honorable Robert N. Chatigny conducted a bench trial in the matter, and on June 6, 2016, issued a Verdict and Special Findings, finding the defendant guilty on all counts.  (Id. at 3.)  On or about December 3, 2018, Judge Chatigny sentenced the defendant to 30 months' imprisonment and entered the judgment on December 20, 2018.  (See Carpenter, ECF Nos. 400, 411.)  Judge Chatigny also denied the defendant's motion for reconsideration of the judgment, in which the defendant argued inter alia, that he was entitled to time served or home confinement.  (See Carpenter, ECF Nos. 416, 417.)  The defendant began serving his 30-month sentence on or about March 22, 2019.  (See Carpenter, ECF No. 510, at 5.)

On January 27, 2020 and March 13, 2020, the defendant filed two pro se emergency motions in the District of Connecticut arguing that he was entitled to an immediate reduction of his sentence to time served and immediate release to home confinement pursuant to 18 U.S.C. § Section 3582(c) and the First Step Act.  (See Carpenter, ECF Nos. 506, 507.)  The United States Attorney's Office in the District of Connecticut opposed the motions (see Carpenter, ECF No. 510), and the parties engaged in supplemental briefing on the matter between March 26, 2020 and April 2, 2020.  (See Carpenter, ECF Nos. 511-516.)[2]  On or about April 2, 2020, Judge Chatigny conducted a telephonic motion hearing and denied the defendant's motions for relief without prejudice to renew, primarily for the reasons stated in the government's March 19, 2020 opposition brief.  (See Carpenter, ECF Nos. 517 (Dkt. Entry Order), 520 (Govt.'s Mem. in Opp'n to Def.'s Mot. to Reconsider (recounting the court's telephonic rulings).)

Shortly thereafter, on or about April 7, 2020, the defendant filed a motion asking the court to reconsider its denial of his prior motion for compassionate release and provided the court with his medical records.  (See ECF No. 518.)  After full briefing on the motion, on April 10, 2020, Judge Chatigny denied the defendant's motion for reconsideration, citing the defendant's failure to satisfy the statutory exhaustion requirement in 18 U.S.C. § Section 3582(c)(1)(A)(i) and the defendant's failure to provide an

---

[1] All Carpenter citations refer to public filings on the defendant's criminal case docket, United States v. Carpenter, 3:13-CR-00226 (RNC), in the United States District Court, District of Connecticut.

[2] The defendant has also previously filed a motion with the Second Circuit requesting bail pending appeal due to COVID-19 concerns.  On March 25, 2020, prior to the filing of the defendant's supplemental briefing to the district court, the Second Circuit denied the defendant's request without prejudice.  See United States v. Carpenter, No. 19-70 (2d Cir. March 25, 2020), ECF No. 136.  Nonetheless, the defendant, through counsel, continued to request compassionate release relief based on COVID-19 and conditions at MDC Brooklyn in his supplemental briefings.

individualized assessment of his medical condition with regard to the risk posed by COVID-19. (See Carpenter, ECF No. 525 (Dkt. Entry Order).)

### B. The Defendant's Instant Compassionate Release Motion

On or about February 11, 2020, while the defendant's compassionate release motions were still pending in the District of Connecticut, the defendant filed a pro se motion with this Court, captioned "Motion for Immediate Release to Home Confinement, Declaratory Judgment, and Injunctive Relief Pursuant to the First Step Act." (ECF No. 1.) Although the defendant's motion was docketed here as a Section 2241 habeas petition, the defendant's motion is substantially the same as the Section 3582(c) compassionate release motions he filed in the District of Connecticut in his criminal case on January 27, 2020 and March 13, 2020. Indeed, the defendant's brief does not refer to any of the habeas statutes and raises the same First Step Act argument—that he is entitled to immediate home confinement under the First Step Act's Elderly Offender Program—that was ultimately rejected by Judge Chatigny on April 2, 2020 after a full hearing on the merits. (Compare ECF No. 1 (instant motion) with Carpenter, ECF Nos. 506, 507 (defendant's pro se compassionate release motions).)

## II. Discussion

The government respectfully submits that the Court treat the instant motion as a compassionate release motion under the First Step Act and transfer the motion to the original sentencing court for adjudication. As noted above, the defendant's instant motion was filed contemporaneously as the First Step Act motions he filed in the District of Connecticut requesting relief under 18 U.S.C. § Section 3582(c) and the arguments and requested relief raised in both set of motions are identical in substance. Moreover, by its plain language, 18 U.S.C. § 3582(c)(1)(A) requires the defendant to move for a reduction in his sentence in the original sentencing court. Thody v. Swain, No. CV 19-09641-PA (DFM), 2019 WL 7842560, at *2 (C.D. Cal. Nov. 26, 2019), report and recommendation adopted, No. CV 19-09641-PA (DFM), 2020 WL 564813 (C.D. Cal. Feb. 5, 2020); see also Bolden v. Ponce, No. 220CV03870JFWMAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (stating "[o]nly the original sentencing court can entertain [Section 3582] requests" and collecting cases stating the same); see also United States v. Arrango, 291 F.3d 170, 171-72 (2d Cir. 2002) (holding that a motion under 18 U.S.C. § 3582(c)(2) is "a continuation of the prior criminal proceeding"). As such, given that the defendant was prosecuted, convicted and sentenced in the District of Connecticut, any motion for compassionate release should be made and decided by the original sentencing judge in that forum. Finally, transfer of the compassionate release motion is appropriate here, where the original sentencing court has already ruled on the issues raised in the defendant's instant motion and is familiar with the underlying criminal case, the sentencing, and the defendant's numerous post-conviction challenges to his sentence.[3]

---

[3] To the extent that the Court disagrees with the government's position that the defendant's instant motion is a successive compassionate release motion that belongs to the

3

III.    Conclusion

For the foregoing reasons, the government respectfully requests that the defendant's motion for relief under the First Step Act be transferred to the United States District Court for the District of Connecticut.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/Genny Ngai
Genny Ngai
Assistant U.S. Attorney
(718) 254-6393

cc: Daniel E. Carpenter (by U.S. mail)

---

jurisdiction of the original sentencing court, the government respectfully requests that the Court administer the defendant <u>Adams</u> warnings and allow him the opportunity to withdraw his motion prior to converting the defendant's motion into a habeas petition. Because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits second or successive applications for habeas relief without leave of the Second Circuit, the Second Circuit has cautioned district courts from <u>sua sponte</u> converting post-conviction motions like Section 3582 motions into habeas petitions "without first giving the petitioner notice and an opportunity to decline the conversion or withdraw the motion." <u>Simon v. United States</u>, 359 F.3d 139, 140 (2d Cir. 2004); <u>see, e.g.</u>, <u>United States v. Lopez</u>, No. 12-CR-358 (KAM), 2020 WL 2063420, at *4 (E.D.N.Y. Apr. 29, 2020) (administering the <u>Adams</u> warning to the defendant where the defendant styled his motion as a "motion for *nunc pro tunc*" and sought credit for time served before deciding on the merits of the motion); <u>United States v. Boghosian</u>, No. 05 CR. 351-01 (LAP), 2010 WL 11651994, at *2 (S.D.N.Y. May 13, 2010) (same). If the defendant elects to proceed under Section 2241, the government respectfully requests additional time to respond to the merits of the defendant's motion.